No. 20,526.

THE CITY OF GOODLAND, *Appellee*, v. L. W. POPEJOY, *Appellant*.

SYLLABUS BY THE COURT.

CITY ORDINANCE—*Forbidding Garbage on City Lots—Ordinance Invalid.* A section of an ordinance of a city of the second class made it unlawful for an owner or occupant to deposit tin cans, manure, ashes, garbage, and other refuse matter on his lots or to allow such matter to remain on his lots. The condition that the refuse matter should be offensive to others or detrimental to the public health or welfare was not recognized, no distinction was made between nocuous and innocuous deposits or accumulations, and the offense was complete if any of the things mentioned were deposited or allowed to remain, whatever the quantity, circumstances, or length of time. *Held*, the section of the ordinance was beyond the authority conferred on cities of the second class to secure the general health and to prevent and remove nuisances.

Appeal from Sherman district court; CHARLES I. SPARKS, judge. Opinion filed May 6, 1916. Reversed.

*John Hartzler,* and *C. C. Perdieu,* both of Goodland, for the appellant.

*E. F. Murphy,* of Goodland, for the appellee.

The opinion of the court was delivered by

BURCH, J.: The defendant was found guilty of violating a city ordinance. His motion in arrest of judgment was over-ruled and he appeals. The complaint against the defendant reads as follows:

"That on the 12th day of March, A. D. 1915, and at all times for sev-eral weeks prior thereto, the defendant. L. W. Popejoy has been in pos-session, control and occupation of lots twenty-two (22), twenty-three (23), twenty-four (24), twenty-five (25), twenty-six (26) and twenty-seven (27), in block number twelve (12), in the First Addition to the town or city of Goodland, Kansas, and within the corporate limits of said City of Goodland and in Sherman county, Kansas, and has during said time maintained thereon a cattle yard and yards, and a hog. or pig-pen or yard and yards, wherein have been kept cattle, hogs and pigs, and has permitted and allowed the droppings, manure and filth deposited on said lots by said cattle and hogs and pigs to remain on said lots so occu-pied by him, and has kept and permitted such lots to be and remain in such condition and manner that they became, ever since have been and now are foul, injurious and offensive, and did then and there, ever since have, and now do cause a stench and noxious, disagreeable and un-healthy smell, and thereby said yards and pens then and there became, ever since have been and now are offensive to persons residing in the vicinity of said yards and pens and annoying to the public and is and was a nuisance, contrary to the ordinance of said city of Goodland, in such cases made and provided, and against the peace and dignity of the city of Goodland, Kansas."

The ordinance under which. the complaint was drawn reads as follows:

"SEC. 1. That it shall be unlawful for any person or persons to de-posit, put, throw or place in any street or alley in the City of Goodland, Kansas, any tin cans, manure, garbage, slop, swill, ashes, refuse, filth, offal, unwholesome substance, vegetable or animal matter, or any rub-bish whatever.

"SEC. 2. That it shall be unlawful for any person or persons to deposit, put, throw, place, or allow to remain on any lot or lots owned or occupied by such person, or persons, at any place in said city, any tin cans, manure, ashes, garbage, slops, swill, refuse, filth, offal, unwholesome substance, vegetable matter, or animal matter, or any rubbish whatever."

The contention is the ordinance is void.

Presumably the ordinance was enacted under the authority given cities of the second class to secure the general health and to prevent and remove nuisances. (Gen. Stat. 1909, § 1405, as amended by Laws 1911, ch. 116.) The ordinance is not di-

rected against depositing tin cans, manure, ashes, garbage and refuse on private property under conditions which render them offensive to others or detrimental to the public health, and is not directed against allowing the enumerated articles and substances to remain on private property under conditions which make them offensive or harmful. No distinction is made between nocuous and innocuous, reasonable and unreasonable. The offense is complete if any of the things mentioned be deposited or allowed to remain, whatever the quantity, circumstances or length of time. Ashes from the furnace or stove can not be deposited or kept even in a safe receptacle, and refuse from the kitchen can not be deposited or kept even in a garbage can until the garbage collector can be called. Manure can not be removed beyond the city limits as soon as dropped, and consequently a horse or cow can not be kept at all, even although the barn or lot be kept clean and free from accumulations of offensive matter.

Cities of the first class are given express power to suppress hogpens. (Gen. Stat. 1909, § 918.) Such power is withheld from cities of the second class. Without statutory authority, cities may suppress hogpens only when they are located and kept in such a way as to cause annoyance. (2 Dillon, Municipal Corporations, 5th ed., § 693.) A stable for the family horse is not a nuisance *per se,* and whether or not a livery stable is a nuisance depends on where it is located and how it is kept and used. (2 Dillon, Municipal Corporations, 5th ed., § 692.) A cow pen for the family cow is not a nuisance *per se.* Open cattle yards where cattle are kept for feeding or fattening in such numbers that nuisances necessarily result may be suppressed by proper ordinance. (2 Dillon, Municipal Corporations, 5th ed., § 690, Note, p. 1046.) But the ordinance in question recognizes no conditions with which it is possible to comply under which domestic animals may be kept on private property anywhere within the city limits. Having undertaken without qualification to make things nuisances which are not so in fact and which become nuisances only under conditions which are not recognized, section 2 of the ordinance is void.

The city marshal who made the complaint seems to have felt that the ordinance did not go quite far enough, and so added to the charge allegations that the defendant's premises were foul,

offensive, and injurious, that they produced disagreeable and unhealthy smells, that they annoyed persons residing in the neighborhood, and that they constituted a nuisance. The allegations were superfluous to any charge preferred under the ordinance, and because of the invalidity of the ordinance the complaint did not state an offense.

The judgment of the district court is reversed and the cause is remanded with direction to discharge the defendant.

Chief Justice JOHNSTON and Justice MARSHALL dissent.